IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. FRENCH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2612-B-BK |
| | § | |
| NEW HAMPSHIRE INSURANCE | § | |
| COMPANY, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Jane Boyle's *Standing Order of Reference*, Doc. 7, and 28 U.S.C. § 636(b), Defendants' motions to dismiss, Doc. 24 & Doc. 27, are before the undersigned United States magistrate judge for findings of fact and recommended dispositions. For the reasons stated herein, Defendants' *Motion to Dismiss*, Doc. 24, should be **GRANTED**. Further, because the Court's resolution of Defendants' joint motion to dismiss, Doc. 24, resolves this case, American Airlines' separate motion to dismiss, Doc. 27, should be **DENIED AS MOOT**.

**I. BACKGROUND**

Plaintiff brings this action against his former employer, American Airlines Inc., and its Texas workers' compensation insurance carrier, New Hampshire Insurance Company ("NHIC"), stemming from an on-the-job injury he allegedly sustained in 2004. While Plaintiff's Complaint is sparse on underlying facts, he references an unspecified "accident" that occurred in 2004 while he was working in Utah as a baggage handler for American Airlines. Doc. 3 at 5-6. Defendants attach to their motion a plethora of documents from prior administrative and judicial proceedings that relate to the 2004 accident and the resulting Utah and Texas workers' compensation claims that form the basis of this action. The Court takes judicial notice of these prior judicial and extrajudicial proceedings, which, for context, it recounts herein. *See Reneker v. Offill*, No. 3:08-

CV-1394-D, 2010 WL 1541350, at *5 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) ("Courts may take notice of the judicial record in prior related proceedings.") (collecting cases).

In 2005, Plaintiff filed an Application for Hearing with the Utah Labor Commission's Adjudication Division, alleging that he was entitled to workers' compensation benefits from American Airlines stemming from cervical and lumbar back injuries he sustained in the 2004 accident. Doc. 24-1 at 8. After the hearing, the ALJ awarded Plaintiff benefits for his lumbar injury, but denied benefits for his cervical problems. Doc. 24-1 at 9. In May 2008, the Appeals Board affirmed the ALJ's decision. Doc. 24-1 at 11. Plaintiff then appealed to the Utah Court of Appeals, which affirmed the administrative body's decision in July 2008. Doc. 24-1 at 13-14. Between August 2008 and June 2010, Plaintiff filed three complaints against American Airlines in the United States District Court for the District of Utah alleging, *inter alia*, improper handling of his workers' compensation claim; each was dismissed. *French v. American Airlines, Inc.*, No. 2:10-CV-00527 DB, 2010 WL 4869088, at *1 (D. Utah Nov. 2, 2010), *adopted by* 2010 WL 4860374 (D. Utah Nov. 23, 2010), *aff'd* 427 F. App'x 666 (10th Cir. 2011). Furthermore, given Plaintiff's repetitive filing of settled claims, the Court enjoined Plaintiff from proceeding *pro se* in the United States District Court for the District of Utah and asserting claims against American Airlines arising from the 2004 accident. *Id.* at *3.

Plaintiff then turned to Texas, where in 2015, he filed a workers' compensation claim against NHIC under the Texas Workers' Compensation Act, arising from the same injuries he allegedly sustained in the 2004 accident. Doc. 24-1 at 18-19. In May 2015, a hearing officer determined that NHIC was not liable for benefits. Doc. 24-1 at 22. The Appeals Panel subsequently affirmed the decision. Doc. 24-1 at 23. Plaintiff then filed suit seeking judicial review in the 166th Judicial District Court of Bexar County, Texas. In January 2016, that court

2

entered summary judgment in favor of NHIC. Doc. 24-1 at 25. Plaintiff's appeal to the 4th Court of Appeals was dismissed for want of prosecution in April 2016. *See French v. New Hampshire Ins. Co.*, No. 04-16-00033-CV, 2016 WL 1588155 (Tex. App.—San Antonio Apr. 20, 2016) (per curiam). In May 2016, Plaintiff's motion for rehearing and motion for *en banc* reconsideration were also denied. Doc. 24-1 at 27-28. In August and September 2016, the Texas Supreme Court denied Plaintiff's petition for review and motion for rehearing, respectively. Doc. 24-1 at 29. In 2017, the Supreme Court of the United States denied Plaintiff's petition for writ of certiorari and petition for rehearing. *French v. New Hampshire Ins. Co.*, 137 S. Ct. 1088 (Feb. 21, 2017) (No.16-769); *French v. New Hampshire Ins. Co.*, 137 S. Ct. 1616 (Apr. 17, 2017) (No. 16-769). Later that year, Plaintiff's request for arbitration was denied by the American Arbitration Association. Doc. 24-1 at 31.

## II. DEFENDANTS' MOTION TO DISMISS

In September 2017, Plaintiff initiated the instant action by filing a pleading titled "Motion to remand Case No: 016-0769 U.S. Supreme Court, back through Binding Arbitration as dictated by the National Railway Labor Act of 1926 and then amended in 1936" (hereinafter "Complaint"). Doc. 3 at 1. Though difficult to follow and replete with vague allegations, Plaintiff's Complaint nonetheless makes plain his disagreement with the decisions of the state courts and the Supreme Court of the United States regarding his Texas workers' compensation claim, and implores this Court to "facilitate a complete course correction," "see the error that has taken place," and "remand" his Supreme Court case. Doc. 3 at 2. In November 2017, Defendants moved to dismiss Plaintiff's complaint arguing that, *inter alia*, the Court lacks

3

subject matter jurisdiction to hear his claims under the *Rooker-Feldman* doctrine.[1] Doc. 24 at 3-7. Plaintiff's response did not address, much less acknowledge, Defendants' jurisdictional challenge. *See* Doc. 31. However, upon review, the Court finds that Defendants' argument has merit.

A.      **Applicable Law**

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). As the Court of Appeals for the Fifth Circuit has succinctly stated:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

B.      **Analysis**

Though meandering, Plaintiff's Complaint makes clear what he seeks: a review of his Texas workers' compensation claim. Plaintiff's intent is evidenced by his requests that this Court "facilitate a complete course correction," "see the error that has taken place," and "remand" his United States Supreme Court case. Doc. 3 at 2. Indeed, even the title of Plaintiff's Complaint – "Motion to remand Case No: 016-0769 U.S. Supreme Court, back through Binding

---

[1] The doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

4

Arbitration as dictated by the National Railway Labor Act of 1926 and then amended in 1936" – lays bare his desire to re-litigate the Texas workers' compensation claim. Doc. 3 at 1. This is precisely what *Rooker-Feldman* proscribes.

After Plaintiff's Texas workers' compensation claim was reviewed by the state trial and appellate courts, his sole avenue for attaining federal relief was through the United States Supreme Court, which he utilized. *Weekly*, 204 F.3d at 615. Even though dissatisfied with the Supreme Court's denial of certiorari, Plaintiff may not now seek recourse from an inferior federal court. Because *Rooker-Feldman* divests this Court of subject matter jurisdiction to review the judgements of the state courts, and, to the extent it is requested, this Court lacks authority to review the decision of the United States Supreme Court, Defendants' motion should be granted and Plaintiff's Complaint should be dismissed with prejudice. *Home Builders*, 143 F.3d at 1010; *see McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## IV. SANCTION WARNING

Given the frivolous nature of the claims asserted in this case, and the filing of prior, duplicate actions across multiple forums, Plaintiff should be warned that if he persists in filing frivolous, baseless or duplicate cases, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also*

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).

## V.  CONCLUSION

For the reasons stated herein, Defendants' *Motion to Dismiss*, Doc. 24, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.  Defendant American Airlines' separate motion to dismiss, Doc. 27, should be **DENIED AS MOOT**. Finally, Plaintiff should be warned that if he persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any future actions.

**SO RECOMMENDED** on April 4, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE